No. 37,001

FRANCES ATKINS, *Appellee,* v. MRS. P. M. MORTON and S. H. OSMON, *Appellants.*

(191 P. 2d 909)

Opinion filed April 10, 1948.

*Oliver A. Witterman,* of Wichita, argued the cause, and *Mark H. Adams, Charles E. Jones, William I. Robinson* and *J. Ashford Manka,* all of Wichita, were with him on the briefs for the appellants.

*P. K. Smith,* of Wichita, argued the cause, and *Ralph E. Gilchrist* and *Leroy Warner,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for damages sustained by plaintiff in an automobile collision alleged to have resulted from the combined negligence of appellants and one Herbert J. Luttrell, who was not served with summons. The jury answered special questions and returned a general verdict for plaintiff for $5,000. The defendants have appealed.

Kellogg avenue in Wichita is an east and west street and one of the main thoroughfares of the city. It continues as a street or road for two or three miles east of the principal part of the city. Because of the airplane factories built east of the city, Kellogg is one of the main streets used by persons going from the city to the factories. In what is called the 6500 "block" on East Kellogg, which is a mile in length, the road is paved with a macadam hard surface the width of 38 to 40 feet. Near the center of the section the highway crosses a ravine or draw, and from that point slopes upward to the east and also upward to the west to the crest of a hill about 150 or 200 yards west of the draw. The defendant, Mrs. Morton, operates a place on Central avenue east, about a mile north of the 6500 block on Kellogg avenue, where she keeps and trains horses. On the day in question her agent and employee, Osmon, was driving a Chevrolet half-ton truck belonging to Mrs. Morton along Kellogg avenue going east and was engaged in transacting some business for her. As he neared the draw in the 6500 block he stopped his truck and left it standing on the paved portion of the highway, the left side of it being near the center of the highway. Plaintiff worked in one of the airplane factories and about 7:15 o'clock in the morning of April 18, 1946, was driving east on Kellogg avenue going to her work. Just as she approached the parked car of defendant, Luttrell, who was driving west on Kellogg avenue, made a sharp turn to go around the parked truck, with the result that his car and that of plaintiff collided. Plaintiff herself was seriously injured and her car damaged.

The jury was asked and answered special questions as follows:

"1. Do you find that S. H. Osmon, one of the defendants, was the agent, servant or employee of the defendant, Mrs. P. M. Morton, acting in the furtherance of her business in operating the pick-up truck on the morning of April 18, 1946? A. Yes.

"2. If you find that the driver of the automobile coming from the east was guilty of negligence, please state specifically his acts of negligence. A.

Yes, by swerving to the left from behind the parked truck directly into the line of oncoming traffic.

"3. If you find that Mrs. P. M. Morton, S. H. Osmon, or the driver of the car coming from the east, or any of them, were guilty of negligence, state specifically whose negligence and in what manner such negligence was the proximate cause of the accident. Answer: They were negligence. Mrs. P. M. Morton and S. H. Osmon, abandoning truck on highway, without proper precaution and the exercising of ordinary care for other persons.

"4. Immediately prior to and at the time of the collision, was the plaintiff operating her automobile in any of the following particulars?

"(a) Driving at a speed greater than was reasonable and prudent under the conditions then existing, such as vehicular traffic stopped or moving on the highway, the condition of the weather, sunlight or other hazards? Answer: No.

"(b) Did plaintiff reduce her speed at any time before the collision? A. Don't know.

"(c) Could plaintiff by exercise of reasonable care have avoided the accident? A. No.

"5. How far away could plaintiff Atkins, coming from the west see the pick-up truck? A. 150 to 200 yards.

"6. How far away could Luttrell, the driver of the car coming from the east, see the pick-up truck? A. Don't know.

"7. Do you find that the pick-up truck was temporarily stopped because of being out of gas? A. Yes.

"8. How far away could the plaintiff Atkins have seen the Luttrell car coming from the east? A. Don't know.

"9. What was the width of the highway from shoulder to shoulder? A. 38 to 40 feet.

"10. If you find that the pick-up truck was parked south of the north shoulder of the highway, state the number of feet it was south thereof. A. 12 feet.

"11. Was the defendant Osmon authorized by the defendant Morton to use the pick-up truck on the morning of the accident? A. Yes.

"12. If you find for plaintiff, please itemize her damages: A. Doctor Hospital $900.00, loss of work $1,000.00, damage of auto $750.00, pain and suffering $2,350.00, total $5,000.00.

"13. If you find the defendant Mrs. P. M. Morton and S. H. Osmon, or either of them, guilty of negligence, state specifically their acts of negligence. A. They were negligence. Mrs. P. M. Morton, S. H. Osmon. Abandoning truck on highway without proper precaution, and the exercising of ordinary care for protection of other persons."

The general verdict was for $5,000. The court directed the clerk to spread the general and special verdict of record and to enter judgment in accordance therewith. Defendants filed a motion for a new trial, a motion for judgment notwithstanding the general verdict, a motion to set aside the verdict and answers to special

questions, and a motion to set aside the judgment. These motions were considered by the court and overruled. Although the notice of appeal was broad enough to justify it, the appellants do not argue that the trial court erred in overruling any of these motions. The notice of appeal indicates that there was a demurrer to the petition, a demurrer to plaintiff's evidence, and a motion for a directed verdict for defendants, all of which were overruled. No complaint is made here of any of those rulings. We are not asked to grant a new trial, or to review the judgment of the trial court for any trial error.

We are asked (1) to hold as a matter of law that appellants were not negligent; (2) to hold as a matter of law that if appellants were negligent their negligence was not the proximate cause of plaintiff's damage; (3) to hold as a matter of law that plaintiff was guilty of contributory negligence which barred her recovery; and (4) to hold as a matter of law that plaintiff did not prove she was the owner of the automobile she was driving and therefore entitled to $750 for its damages. Upon these points, or some of them, we are asked to "reverse the judgment of the trial court and instruct it to enter judgment in behalf of the defendants."

This is an unusual method of presenting an appeal to this court in this type of case. In an action for damages sustained in an automobile collision the question of defendant's negligence normally is a question for the jury. It was submitted to the jury in this case. What appellants really are asking us to do here is to examine the testimony of the various witnesses and reach an independent conclusion upon the question. They quote at length from the testimony of one of their witnesses, the appellant Osmon, and from that they argue that there was no negligence. There is quite a little presented on the other side tending to discredit his testimony. There was also conflicting evidence offered by the defendants. It is the function of the jury, under the court's instructions, to pass upon the credibility of the witnesses and to resolve any conflict in their testimony. That is not the function of this court and we decline to undertake it.

It is now argued that the question of proximate cause should not have been submitted to the jury. The question of what is the proximate cause of a collision such as occurred here is ordinarily a question for the jury. See *Rowell v. City of Wichita,* 162 Kan. 294, 176 P. 2d 590, and the quite complete discussion of that question in

the opinion, pages 301 to 303, where a number of cases are cited, including *Tilden v. Ash,* 145 Kan. 909, 916, 67 P. 2d 614, where a collision occurred under circumstances quite similar to those involved here. More than that, counsel for appellee present in their brief a quotation from the transcript which indicates clearly that counsel for defendants at the trial requested the court to submit to the jury the question of proximate cause. We are told the court did instruct upon that question, and we presume correctly since the instructions have not been brought to this court, nor complained of in any particular. The question of plaintiff's contributory negligence also was a jury question and was found adversely to defendants in finding No. 4. It does not appear from the record before us that defendants questioned in the trial court the item in their verdict of damage to the automobile, $750; so appellants are hardly in position to raise that question here. More than that, plaintiff testified that she "owned" the automobile. On cross-examination she did testify that she thought the title was registered in the name of her husband, but that she considered it as her own, and we are told that the court gave the proper instruction upon that matter, and no complaint is made of that instruction.

We find no error in the record. The judgment of the court below is affirmed.